IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-281-1H

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　　**ORDER**
MARTIN TORRES-MEDINA,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　)

This matter is before the court on defendant's motion to dismiss the indictment charging one count of illegal re-entry of convicted felon under 8 U.S.C. §§ 1326(a) and (b)(1), [DE #28]. The government filed a response, [DE #31], to which defendant filed a reply, [DE #34], and the government filed a sur-reply, [DE #37]. This matter is ripe for adjudication.

### **BACKGROUND**

In 1983, defendant entered the United States without inspection by immigration officers. On December 22, 1994, defendant was convicted in the 183rd District Court of Harris County, Texas, of felony possession of more than fifty and less than two thousand pounds of marijuana and sentenced to a term of imprisonment of five years. [DE #1 at 3]. On June 22, 1995, defendant was encountered by a special agent with the U.S. Immigration and Naturalization Service ("INS") while detained at the Texas State Penitentiary in Huntsville, Texas, and determined

to be a citizen of Mexico unlawfully present in the United States. [DE #1 at 3-4]. On August 8, 1996, defendant was served an Order to Show Cause. [DE #1 at 4]. On August 20, 1996, defendant appeared with four other defendants for his deportation hearing. [DE #31 Ex. B Audio Recording of Deportation Hearing].

At the deportation hearing, a Spanish interpreter was present, who translated for defendant. [DE #31 Ex. 1 Audio Recording of August 20, 1996 Deportation Hearing]. Defendant was presented with the opportunity to retain counsel "at little or no cost." Defendant chose to proceed without counsel. The immigration judge advised defendant he was able to ask anything or tell her anything during the proceeding. Defendant did not mention fear of persecution upon his return to Mexico during the deportation hearing. Defendant was advised that due to his entry without inspection in 1983 and his drug conviction in 1994, he could be deported. When asked his country of choice as he was deportable, defendant informed the immigration judge he wanted to be removed to Mexico. He was advised by the judge that "because of your drug convictions there is no way that any of you can avoid being deported. I am signing orders of deportations in all your cases." [DE #31 at 19:22]. Defendant was then advised he could accept or appeal deportation. He accepted deportation. He waived the 72-hour period after the entry of the deportation order so as to be removed immediately. [DE #31-1 at 1]. Defendant was removed

from the United States to Mexico on August 20, 1996. [DE #1 at 4].

On January 25, 2001, defendant was arrested by Border Patrol in Harlingen, Texas, and in his Record of Sworn Statement was asked "Do you have any fear of persecution or torture should you be removed from the United States?" [DE #1 at 4; DE #31-2 Ex. 3 at 1-2]. Defendant responded "no." [DE #31-2 Ex. 3 at 2]. He was also asked "Is there anything else that you would like to say at this time?" Id. Again, defendant responded, "no." On June 14, 2001, defendant was convicted of illegal re-entry of a felon in the United States District Court for the Southern District of Texas and sentenced to a term of imprisonment of 30 months. [DE #1 at 4]. Defendant was removed from the United States to Mexico on March 31, 2003. [DE #1 at 4; DE #17 at 1-2].

On August 18, 2003, defendant was arrested for a charge of sexual assault and detained at the Hidalgo County Jail in Edinburg, Texas. [DE #1 at 5; DE #31-3 Ex. 4 at 1]. On January 27, 2004, defendant was encountered by Border Patrol while detained. [DE #1 at 5]. In his I-213 form, the senior patrol agent stated "[defendant] signed Service form I-286 indicating that he has no credible fear of returning to his native country of Mexico." [DE #31-3 Ex. 4 at 1]. On August 9, 2004, defendant was convicted of illegal re-entry of a felon in the United States District Court for the Southern District of Texas and sentenced to a term of

3

imprisonment of 30 months. [DE #1 at 5]. Defendant was once again removed from the United States to Mexico on August 11, 2006. [DE #1 at 5; DE #17 at 1-2].

Defendant was encountered by Immigration and Customs Enforcement ("ICE") on October 7, 2014 at the Hidalgo County Jail in Edinburg, Texas, after being arrested for failure to identify on September 25, 2014. [DE #1 at 5-6; DE #31-4 Ex. 5 at 1]. In his I-213 form dated October 10, 2014, the officer completing the I-213 form provided "[defendant] is not claiming or expressing fear of returning to his native country of Mexico." [DE #31-4 Ex. 5 at 1]. On March 23, 2015, defendant was convicted of illegal re-entry of a felon in the United States District Court for the Southern District of Texas and sentenced to a term of imprisonment of 16 months. [DE #1 at 6]. Defendant was again removed from the United States to Mexico on January 14, 2016. [DE #1 at 6; DE #17 at 1-2].

On August 22, 2017, defendant was arrested by ICE officers in Wake Forest, North Carolina, and a criminal complaint was filed against defendant for illegal re-entry under 8 U.S.C. §§ 1326(a) and (b)(1). [DE #1]. On September 8, 2017, defendant was indicted by a grand jury in this district for illegal re-entry of a previously removed alien subsequent to a felony conviction in violation of 8 U.S.C. §§ 1326(a) and b(1). [DE #17]. Defendant filed this instant motion to dismiss on December 15, 2017,

4

challenging the August 20, 1996 deportation order on the grounds defendant was deprived of judicial review and exhaustion of administrative remedies, and that the deportation hearing was fundamentally unfair under 8 U.S.C. § 1326(d) because the immigration judge informed defendant at the immigration hearing that "there is no way that [you] can avoid being deported." [DE #28].

**COURT'S DISCUSSION**

A prior deportation order that violates a defendant's due process rights cannot serve as "reliable proof of an element of a criminal offense." United States v. Mendoza-Lopez, 481 U.S. 828, 837-40 (1987) (finding waiver not considered or intelligent and that respondents were deprived of judicial review of their deportation proceeding where "[t]he [i]mmigration [j]udge permitted waivers of the right to appeal that were not the result of considered judgments by respondents, and failed to advise respondents properly of their eligibility to apply for suspension of deportation.")

The principle of Mendoza-Lopez has now been codified at 8 U.S.C. § 1326(d). See United States v. Moreno-Tapia, 848 F.3d 162, 169 (4th Cir. 2017) (citing United States v. Muro-Inclan, 249 F.3d 1180, 1183 (9th Cir. 2001) (finding waiver of right to appeal removal order does not preclude collateral attack under § 1326(d) where the immigration judge failed to advise of right to seek

5

relief from deportation). Pursuant to the statute, to successfully challenge the validity of the underlying deportation order, a defendant must demonstrate that (1) "[he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(1)-(3). A defendant must satisfy each of the three prongs to prevail. United States v. El-Shami, 434 F.3d 659, 663 (4th Cir. 2005) (quoting United States v. Wilson, 316 F.3d 506, 510 (4th Cir. 2003), abrogated on other grounds by Lopez v. Gonzales, 549 U.S. 47 (2006)).

"To demonstrate fundamental unfairness, 'a defendant must show that (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" Id. at 664. The fundamental right of due process requires "an alien who faces [removal] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, (3) and a fair opportunity to be heard.'" Id. at 664-65 (quoting United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004). To establish prejudice, a defendant must demonstrate "'that, but for the errors complained of, there was a reasonable probability that he would

not have been deported.'" United States v. Lopez-Collazo, 824 F.3d 453, 462 (4th Cir. 2016) (quoting El-Shami, 434 F.3d at 665).

Defendant contends the deportation hearing was fundamentally unfair because relief under the International Convention Against Torture ("CAT"), 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1), was available to defendant due to threats from the Mafioso gang in Mexico, and the immigration judge informed him that there was no way he could avoid deportation in violation of his due process rights. The government counters that defendant was not eligible for relief under CAT.

"Because suspension of deportation is discretionary, it does not create a liberty or property interest protected by the Due Process Clause." Smith v. Ashcroft, 295 F.3d 425, 430 (4th Cir. 2002) (citing Appiah v. INS, 202 F.3d 704, 709 (4th Cir.), cert. denied, 531 U.S. 857 (2000)). Based on the Fourth Circuit's holding that suspension of deportation is discretionary relief in which a defendant has no protected right, this court cannot find that defendant has a protected right in being advised of discretionary relief in which there is no protected right. "If there is no due process right to relief itself, nor even to review of a request for relief, then presumably there is no due process right to notice about the bare possibility of relief." U.S. v. Ramos-Ramirez, 128 F.Supp.3d 896, 901 (D.Md. 2015)(relying on Smith to find no due process violation where immigration judge

7

stated he did not 'see any relief from removal available.'") Therefore, defendant cannot show a due process violation based on failure of the immigration judge to inform of discretionary relief.

In accordance with the requirements of due process rights as outlined in El-Shami, 434 F.3d at 664-65 (quoting Torres, 383 at 104), defendant was provided notice of the charges against him; appeared at a deportation hearing before an immigration judge with a Spanish interpreter[1] and was offered a fair opportunity to be heard, as well as offered the right to appeal. Defendant declined to appeal and accepted deportation. He selected Mexico as his country of choice for deportation and signed a 72 hour deportation waiver and was removed to Mexico the same day. Therefore, defendant has not shown a violation of his due process rights at the deportation hearing.[2]

Even if defendant could show a due process violation, he fails to establish actual prejudice, that but for the due process

---

[1] The court notes the Fourth Circuit held the failure of the Department of Homeland Security to provide a Spanish interpreter for defendant violated his due process right of a meaningful opportunity to be heard and that such a right "would be pointless in a removal proceeding wherein the alien and decision-maker could not understand each other." Lopez-Collazo, 824 F.3d at 461 (citing Marincas v. Lewis, 92 F.3d 195, 204 (3d. Cir. 1996).

[2] This court notes that Moreno-Tapia, 848 F.3d at 169, cites cases from other circuits holding failure to inform of the ability to apply for discretionary relief may be a procedural flaw in the immigration proceeding. However, Moreno-Tapia addressed the defendant's underlying state criminal proceedings, not the procedural aspects of his immigrations proceedings. Further, Moreno-Tapia cited El-Shami for the fundamental unfairness standard and the "actual prejudice" requirement the undersigned has followed in the instant case. Id. at 170-71. This court finds Smith, 295 F.3d at 709, and El-Shami, 434 F.3d at 664-65, to be the currently controlling precedent in this circuit on the specific issue before this court.

8

violation he would not have been deported. Defendant argues that he would applied for relief under CAT, 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1), however he has not shown that he would have avoided deportation under CAT. The determination as to whether a defendant can show that he would not have been deported is based upon the law at the time of the immigration proceeding. <u>Moreno-Tapia</u>, 848 F.3d at 171. Defendant's deportation hearing occurred on August 20, 1996. [DE #31 Ex. 1]. The Senate ratified CAT on October 27, 1990. 136 Cong. Rec. 36,198 (1990). On October 21, 1994, Former United States President Bill Clinton submitted to the Secretary General of the United Nations the "United States instrument of ratification." Regulations Concerning the Convention Against Torture - Interim Rule, 64 Fed. Reg. 8,478 (February 19, 1999) (to be codified at 8 CFR Parts 3, 103, 208, 235, 238, 240, 241, 253, and 507). "Obligations under the Convention Against Torture have been in effect for the United States since November 20, 1994." <u>Id.</u> While the United States was subject to CAT in 1994, regulations implementing CAT and promulgated by Immigration and Naturalization Services and the Executive Office of Immigration Review were not in effect until March 22, 1999, nearly three years after defendant's deportation hearing.[3] Defendant has made no

---

[3] The court notes the only case it found on this issue from the relevant time period is <u>Ozdemir v. I.N.S.</u>, 46 F.3d 6, 8 (5th Cir. 1994) in which the Fifth Circuit held it lacked jurisdiction to decide the defendant's claim under the CAT as the claim had not been raised before the Board of Immigration Appeals.

9

showing that he would have avoided deportation under CAT at the August 20, 1996 hearing.

Therefore without showing that he would have avoided deportation under CAT or another form of relief, defendant fails to show actual prejudice and fails to satisfy the third prong of fundamental unfairness under 8 U.S.C. § 1326(d)(3).

As defendant has not satisfied the fundamental unfairness requirement, the court need not reach the failure to exhaust administrative remedies and deprivation of judicial review elements. Accordingly, defendant has failed to collaterally attack the 1996 deportation hearing under 8 U.S.C. § 1326(d).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, [DE #28], is hereby DENIED. This matter remains scheduled for arraignment during this court's March 6, 2018 criminal term at the United States Courthouse in Greenville, North Carolina.

This 30th day of January 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

10