IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-281-1H

UNITED STATES OF AMERICA, )
)
v. )
)
MARTIN TORRES-MEDINA, )
)
Defendant. )

**ORDER**

This matter is before the court on defendant's motion to withdraw his guilty plea. [DE #51]. The government filed a response, [DE #52], to which defendant filed a reply, [DE #53], and the government filed a sur-reply and notice, [DE #54 and #55]. This matter is ripe for adjudication.

### BACKGROUND

On January 30, 2018, this court entered an order denying defendant's motion to dismiss the indictment. [DE #38]. On May 7, 2018, defendant pled guilty without a written plea agreement to one count of illegal re-entry of a convicted felon under 8 U.S.C. §§ 1326(a) and (b)(1), on May 7, 2018. Defendant's sentencing hearing was set for this court's September 11, 2018 term of court. On August 3, 2018, defendant filed the instant motion. [DE #51].

### COURT'S DISCUSSION

"A defendant may withdraw a plea of guilty or nolo contendere: . . . after the court accepts the plea, but before it imposes

sentence if: ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see United States v. Haley, 784 F.2d 1218 (4th Cir. 1986) "If a motion for a withdrawal of a plea of guilty . . . is made before sentence is imposed . . . the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." (citing former Federal Rule of Criminal Procedure 32).

Defendant bears the burden of demonstrating that the withdrawal of his guilty plea is supported by a "fair and just reason." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (citing Fed. R. Crim. P. 32(d)[1]; United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989); United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986)). The Fourth Circuit has provided a balancing test of factors for the court to consider in determining whether to allow a defendant to withdraw his guilty plea. Id. These factors include the following:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

---

[1] The quoted language of Federal Rule of Criminal Procedure 32(d) in 1991 is now found in Federal Rule of Criminal Procedure 11(d).

2

Id. (citing United States v. Hurtado, 846 F.2d 995, 997 (5th Cir. 1988); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984); United States v. Kobrosky, 711 F.2d 449, 455-56 (1st Cir. 1983)).

Defendant seeks to withdraw his guilty plea due to "an intervening change in the law, that is, for a change in the law after the plea was entered in the above-referenced matter." [DE #51 at 2]. The Supreme Court recently held "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." Periera v. United States, 138 S. Ct. 2105, 2113-14 (U.S. June 21, 2018).

Defendant argues the notice he received did not state a time and place for his deportation hearing, and thus the improper notice invalidated his order of removal and "cannot be used as a predicate to the charged offense." [DE #51 at 6]. The government counters that Pereira does not apply.

On August 8, 1996, defendant was served an Order to Show Cause and Notice of Hearing, while serving a term of imprisonment. [DE #52 at 3 and #52-1]. Also on August 8, 1996, defendant waived his right to receive notice of the removal proceedings and requested an immediate deportation hearing. [DE #52-1 at 5]. On August 20, 1996, defendant appeared before an immigration judge for his deportation hearing.

3

In Pereira, the alien was served with a notice to appear that ordered him to appear at the Immigration Court in Boston, Massachusetts, "at a time and date to be set." Pereira, 138 S. Ct. at 2112. However, that notice was mailed and returned undeliverable. "The alien did not appear at his hearing and was ordered removed in absentia." Id.

In the instant matter, unlike the defendant in Pereira, defendant received an Order to show Cause and Notice of Hearing, which did not state the date and time of the hearing. He affirmatively waived the hearing notice, [DE #52-1 at 5], and remained in custody until the hearing, at which time he appeared for the hearing. Therefore, the court finds Pereira is factually distinguished from the instant case. See also Matter of German Bermudez-Cota, 27 I&N Dec. 441, 443 (BIA 2018) (finding Pereira factually distinguished).

Considering the first factor of Moore, defendant has not offered that his plea was not knowing or involuntary. Moore, 931 at 248. As to the second factor, defendant has asserted legal innocence but only on the basis of inapplicable case law distinguished by the presence of defendant at his hearing and the fact that he affirmatively waived notice of hearing. Id. Regarding the third factor, there has been no significant delay between the entry of the plea on May 7, 2018 and the filing of this motion to withdraw on August 3, 2018, as the motion was made

4

pursuant to the Supreme Court's decision on June 21, 2018. Id. With regard to the fourth factor, defendant has had the close assistance of two competent attorneys since August and November 2017, respectively. Id. and [DE #7 and DE #23]. As to the fifth and sixth factors, defendant has not made a showing that withdrawal will not prejudice the government or waste judicial resources. Id.

As defendant has not shown a fair and just reason for the withdrawal of his guilty plea, his motion is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion to withdraw his guilty plea, [DE #51], is hereby DENIED. Defendant's sentencing is scheduled for this court's October 9, 2018 term of court at the United States Courthouse in Greenville, North Carolina.

This 6͟ᵗʰ day of September 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35