IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-281-1H

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MARTIN TORRES-MEDINA, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reconsider this court's order, [DE #60], denying defendant's motion to withdraw his guilty plea, [DE #62]. The government responded, [DE #67], and defendant replied, [DE #69]. The government filed a sur-reply, [DE #70], and the time for further filing has expired. This matter is ripe for adjudication.

## **PROCEDURAL HISTORY**

On January 30, 2018, this court entered an order denying defendant's motion to dismiss the indictment, based on grounds unrelated to the instant motion. [DE #38]. On May 7, 2018, defendant pled guilty without a written plea agreement to one count of illegal re-entry of a convicted felon under 8 U.S.C. §§ 1326(a) and (b)(1). On August 3, 2018, defendant filed a motion to withdraw guilty plea, [DE #51], which this court denied. [DE #60].

On September 19, 2018, defendant filed the instant motion. [DE #62].

**STATEMENT OF FACTS**

In 1983, defendant entered the United States without inspection by immigration officers. [DE #52-1]. On December 22, 1994, defendant was convicted in the 183rd District Court of Harris County, Texas, of felony possession of more than fifty and less than two thousand pounds of marijuana and sentenced to a term of imprisonment of five years. Id. On June 22, 1995, defendant was encountered by a special agent with the U.S. Immigration and Naturalization Service ("INS") while detained at the Texas State Penitentiary in Huntsville, Texas, and determined to be a citizen of Mexico unlawfully present in the United States. [DE #1 at 3-4].

On August 7, 1996, defendant was served an Order to Show Cause and Notice of Hearing, while serving a term of imprisonment. [DE #52 at 3 and #52-1]. This Order to Show Cause and Notice of Hearing did not specify the time and place of defendant's removal hearing. Also on August 7, 1996, and on the same form, defendant waived his right to receive notice of the removal hearing and requested an immediate deportation hearing. [DE #52-1 at 5]. On August 20, 1996, defendant appeared before an immigration judge for his deportation hearing and was removed from the United States to Mexico on the same day. [DE #1 at 4]. He subsequently re-

entered the United States four times and has been removed three times. [DE #31-4 and DE #1]. On May 7, 2018, defendant pled guilty to one count of illegal re-entry of an alien deported subsequent to a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

**COURT'S DISCUSSION**

Defendant moves for the reconsideration of this court's order denying his motion to withdraw his guilty plea. Defendant cites Pereira v. United States, 138 S. Ct. 2105, 2113-14 (2018), arguing the immigration court did not have jurisdiction over the 1996 removal hearing because defendant was not provided notice of the time and place of his removal hearing in his Order to Show Cause of August 7, 1996. The government counters that Pereira does not apply, and the immigration court had jurisdiction to enter its removal order.

**A. Pereira**

In Pereira, noting it was deciding a narrow question, the Supreme Court addressed the following issue: "If the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" Pereira, 138 S. Ct. at 2110. The majority held precisely that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a

3

'notice to appear under section 1229(a),' and so does not trigger the stop-time rule.[1]" Id. at 2113-14.

While Pereira did not specifically address the jurisdiction of immigration courts, defendant asks this court to extend the holding of Pereira to find that because a Notice to Appear that does not designate the specific time and place is not a notice to appear under section 1229(a), the immigration court lacked subject matter jurisdiction over defendant's 1996 removal hearing. Several courts have thus extended Pereira's holding. See United States v. Cruz-Jimenez, No. A-17-CR-00063-SS, 2018 WL 5779491, at *8 (W.D. Tex. Nov. 2, 2018) (finding "[defendant's] prior removal was invalid because a charging document was never filed sufficient to vest the immigration court with jurisdiction."); United States v. Zapata-Cortinas, No. SA-18-CR-343-OLG, 2018 WL 4770868, at *2 (W.D. Tex. Oct. 2, 2018) (holding "a [Notice to Appear] that fails to include the time and date of the hearing fails to vest jurisdiction for a removal proceeding in an immigration court."); United States v. Pedroza-Rocha, No. 3:18-CR-1286, DE #53, (W.D. Tex. Sept. 21, 2018) (holding "[b]ecause [defendant's] Notice to

---

[1] The "stop-time" rule applies to another rule under the Illegal Immigration Reform and Immigrant Responsibility Act, ("IIRIRA"), which provides that "aliens who are subject to removal proceedings may be eligible for cancellation of removal, if among other things, they have been physically present in the United States for a continuous period of ten years or more." United States v. Larios-Ajualat, No. 18-10076-JWB, 2018 WL 5013522, at *2 (D. Kan. Oct. 15, 2018) (citing U.S.C. § 1229b(b)(1)(A)). The stop-time rule provides "a period of continuous residence is deemed to end when the alien 'is served with a notice to appear under section 1229(a).'" Id. (citing U.S.C. § 1229b(d)(1)).

4

Appear lacked a date and time, it was invalid and failed to vest jurisdiction in the immigration court that ordered him removed."); and United States v. Virgen-Ponce, 320 F.Supp.3d 1164, 1166 (E.D.Wa. 2018) (holding "[l]ack of a statutorily compliant Notice to Appear in Defendant's case means that the immigration court did not have jurisdiction.").

However, these cases rely on the assumption that an immigration court's jurisdiction over a matter is derived from a proper § 1229 Notice to Appear. This court finds Pereira does not apply to this defendant's case for two main reasons. First, defendant's removal hearing took place before the enactment of IIRIRA and therefore § 1252b, rather than § 1229(a), applied to his charging document, an Order to Show Cause. Second, Fourth Circuit precedent supports the finding that immigration courts are vested with jurisdiction by regulation and not by statute.

**B. Governing Statute and Regulation in 1996**

This court need not decide in this case the issue of how far Pereira's holding extends because the statute at issue in Pereira, 8 U.S.C. § 1229(a)(1), differs from the statute relevant to defendant's removal hearing in 1996, 8 U.S.C. § 1252b(a)(1).

The Illegal Immigration Reform and Immigrant Responsibility Act, ("IIRIRA"), Pub.L. No. 104-208, § 308(b)(9), 110 Stat. 3009 was enacted on September 30, 1996, and became effective on April 1, 1997. See Martinez-Garcia v. Ashcroft, 366 F.3d 732, 733-34

5

(9th Cir. 2004). The enactment of IIRIRA affected the commencement of removal proceedings, including both the regulations and the relevant statutes such as § 1252b and § 1229(a)(1). <u>United States v. Fernandez</u>, No. 1:18-CR-307, 2018 WL 5929632, at *4 (E.D. Va. Nov. 13, 2018) (citing <u>Martinez-Garcia</u>, 366 F.3d at 732).

While the regulation governing jurisdiction of immigration courts remained substantially the same,[2] vesting jurisdiction upon filing of a charging document, the name of the charging document, the "written instrument which initiates a proceeding before an immigration judge," did change.[3] 8 C.F.R. § 1003.13.

For proceedings initiated pre-IIRIRA, these charging documents included an Order to Show Cause, while under IIRIRA, these documents include a Notice to Appear. 8 C.F.R. § 1003.13. The parties do not dispute that the charging document in defendant's 1996 removal was an Order to Show Cause, not a Notice to Appear.

Notably, not only the name of the charging document, but also its requirements, changed. Pre-IIRIRA, 8 U.S.C. § 1252b(a)(1)

---

[2] The section location of the regulations in the Code of Federal Regulations addressing removal proceedings changed in 2003. <u>See</u> 8 C.F.R. § 3.12 et seq (1996) and 8 C.F.R. § 1003.12 et seq. For example, in 1996, the regulation addressing an immigration court's jurisdiction was provided at 8 C.F.R. § 3.14(a). By 2003, this regulation was provided at 8 C.F.R. § 1003.14(a).

[3] <u>Compare</u> 8 C.F.R. § 3.14(a) (1996) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service, except for bond proceedings as provided in 8 CFR 3.19 and 8 CFR 242.2(b).") <u>with</u> 8 C.F.R. § 1003.14 ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service.").

6

provided the required contents of an Order to Show Cause. 8 U.S.C. § 1252b (repealed Sept. 30, 1996). Under IIRIRA, 8 U.S.C. § 1229(a)(1) provides the required contents of a Notice to Appear.[4] 8 U.S.C. § 1229(a). "Under both regimes, proceedings commence with the filing of the charging document with the immigration court-not with service upon the alien." Id. (citing Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 597-98 (9th Cir. 2002)).

However, pre-IIRIRA, neither 8 U.S.C. § 1252b(a)(1)[5] nor § 1252b(a)(2) required notice of the time and place at which proceedings would be held. 8 U.S.C. § 1252b(a)(1); 8 U.S.C.

---

[4] While the contents of an Order to Show Cause for the purpose of giving notice to the defendant were governed by § 1252b(a)(1), the contents of an Order to Show Cause for the purpose of vesting the immigration court with jurisdiction were governed by the regulation, 8 C.F.R. § 3.15. Similarly, while the contents of a Notice to Appear for the purpose of giving notice to the defendant are governed by § 1229(a), the contents of a Notice to Appear for the purpose of vesting an immigration court with jurisdiction are governed by the regulation, 8 C.F.R. § 1003.15.

[5] **(a) Notices. (1)** Order to show cause. In deportation proceedings under section 242 [8 USCS § 1252], written notice (in this section referred to as an "order to show cause") shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) specifying the following:
**(A)** The nature of the proceedings against the alien.
**(B)** The legal authority under which the proceedings are conducted.
**(C)** The acts or conduct alleged to be in violation of law.
**(D)** The charges against the alien and the statutory provisions alleged to have been violated.
**(E)** The alien may be represented by counsel and the alien will be provided a list of counsel prepared under subsection (b) (2).
**(F) (i)** The requirement that the alien must immediately The requirement that the alien must immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting proceedings under section 242 [8 USCS § 1252].
**(ii)** The requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number.
**(iii)** The consequences under subsection (c)(2) of failure to provide address and telephone information pursuant to this subparagraph." 8 U.S.C. § 1252b(a)(1) (repealed Sept. 30, 1996).

§ 1252b(a)(2)(A)(i) (repealed Sept. 30, 1996). 8 U.S.C. § 1252b(a)(2) dictates an alien shall receive notice of the "time and place at which the proceedings will be held," either "in the order to show cause or otherwise." 8 U.S.C. § 1252b(a)(2) (repealed Sept. 30, 1996).

When defendant was issued an Order to Show Cause in 1996 pre-IIRIRA, the time and place of hearing were not required by statute, 8 U.S.C. § 1252(b). Additionally, the applicable regulation did not require an Order to Show Cause to provide the time and place of hearing. 8 C.F.R. § 3.15 (1996).[6] Further, 8 C.F.R. § 3.18 did not require the Order to Show Cause as a document to state the

---

[6] 8 C.F.R. § 3.15 provided:
> (a) In the Order to Show Cause, the Service shall provide the following administrative information to the Executive Office for Immigration Review. Omission of any of these items shall not provide the alien with any substantive or procedural rights: (1) The alien's names and any known aliases; (2) The alien's address; (3) The alien's registration number, with any lead alien registration number with which the alien is associated; (4) The alien's alleged nationality and citizenship; (5) The language that the alien understands; (b) The Order to Show Cause must also include the following information: (1) The nature of the proceedings against the alien; (2) The legal authority under which the proceedings are conducted; (3) The acts or conduct alleged to be in violation of the law; (4) The charges against the alien and the statutory provisions alleged to have been violated; (5) Notice that the alien may be represented, at no cost to the government, by counsel or other representative authorized to appear pursuant to 8 CFR 292.1; (6) The address of the Immigration Court where the Service will file the Order to Show Cause; and (7) A statement that the alien must advise the Immigration Court having administrative control over the Record of Proceeding of his or her current address and telephone number and a statement that failure to provide such information may result in an *in absentia* hearing in accordance with § 3.26.

8 C.F.R. § 3.15(a)&(b) (1996).

time, place, and date, but instead provided "[a]ll cases shall be scheduled by the Immigration Court. The Immigration Court shall be responsible for providing notice of the time, place, and date of the hearing to the government and respondent/applicant." 8 C.F.R. § 3.18 (1996).

In contrast, Under IIRIRA, 8 U.S.C. § 1229 provides the requirements for the charging document known as a Notice to Appear and specifically requires notice of the time and place. 8 U.S.C. § 1229(a)(1)(G)(i).[7]

This court finds that at the time of defendant's removal hearing, the charging document was not required, by statute or regulation, to include the time and place of hearing. See United States v. Fernandez, No. 1:18-CR-307, 2018 WL 5929632, at *4 (E.D. Va. Nov. 13, 2018) ("Neither the INA nor the implementing regulations then in force required that the order to show cause had to specify the time and place of the hearing. See 8 U.S.C. § 1252b(a)(2)(A) (1988 & Supp. V 1993); 8 C.F.R. § 3.15(b) (1993).").

### C. Jurisdiction of Immigration Courts

The Attorney General has been given the authority by Congress, both pre-IIRIRA and under IIRIRA, to establish regulations to

---

[7] **(a) Notice to Appear (1) In general.** In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) specifying the following: . . .
 **(G)(i) The time and place at which the proceedings will be held.**

9

govern removal proceedings. Compare 8 U.S.C. § 1103(g)(2) ("The Attorney General shall establish such regulations, prescribe such forms of bond, reports, entries, and other papers, issue such instructions, review such administrative determinations in immigrations proceedings, delegate such authority, and perform such other acts as the Attorney General determines to be necessary for carrying out this section.") with 8 U.S.C. § 1252(b) (repealed Sept. 30, 1996) ("Proceedings before a special inquiry officer acting under the provisions of this section shall be in accordance with such regulations, not inconsistent with this Act, as the Attorney General shall prescribe.").

The Fourth Circuit has previously acknowledged the regulations are the source of an immigration court's jurisdiction. See Shogunle v. Holder, 336 Fed. App'x 322, 324 (4th Cir. 2009) ("However, because DHS did not file the notice with the immigration court prior to Shogunle's original hearing, the court did not have jurisdiction on the hearing date.") (citing 8 C.F.R. § 1003.14(a)).

At the time of defendant's removal hearing, the immigration court would have had jurisdiction over his case based upon the filing of an order to show cause. The regulations provided that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service, except for bond proceedings as

provided in 8 CFR 3.19 and 8 CFR 242.2(b)." 8 C.F.R. § 3.14 (1996). There is no assertion by the parties that the order to show cause was not filed with the immigration court, therefore defendant's argument that the immigration court lacked jurisdiction is without merit. See United States v. Romero-Caceres, No. 1:18-CR-354, 2018 WL 6059381, at *7 (E.D. Va. Nov. 19, 2018) ("Indeed § 1229(a) describes the information for which an alien subject to a removal proceeding must be given notice; the standard for determining how and when the immigration court's jurisdiction vests is found only in the regulations.") (citing 8 U.S.C. § 1229(a) and 8 C.F.R. § 1003.13-15); United States v. Cortez, No. 6:18-CR-22, 2018 WL 6004689, at *3 (W.D. Va. Nov. 15, 2018) ("The Court finds that 8 C.F.R. § 1003.14 and § 1003.15—not 8 U.S.C. § 1229(a)(1) and Pereira's interpretation of that statutory provision—control when and how subject matter jurisdiction vests in an immigration court."); United States v. Saravia-Chavez, No. 3:18-CR-00016, 2018 WL 5974302, at *4 (W.D. Va. Nov. 14, 2018) (same); United States v. Ramos-Delcid, No. 3:18-CR-20, 2018 WL 5833081, at *3 (W.D. Va. Nov. 7, 2018) ("Neither Pereira nor 8 U.S.C. § 1229(a) control when and how subject matter jurisdiction over a removal proceeding vests in an immigration court. Rather, separate federal regulations promulgated by the Attorney General dictate when and how an immigration court gains subject matter jurisdiction.").

Finding that the immigration court had jurisdiction over defendant's removal hearing in 1996, defendant's motion is without merit and is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion to reconsider his motion to withdraw his guilty plea, [DE #62], is hereby DENIED. The court upholds its prior order denying the motion to withdraw guilty plea. Defendant's sentencing hearing is scheduled for this court's January 8, 2019 term of court at the United States Courthouse in Greenville, North Carolina.

This 4th day of December 2018.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35